UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTAULIC COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>SPRINKFLEX, LLC, FLEXHEAD INDUSTRIES, INC., THE RELIABLE AUTOMATIC SPRINKLER CO., INC., HD SUPPLY, INC., YONG WON E.N.C., LTD., and YONG WON USA, INC.,<br><br>        Defendants. | Civil Action No. 2:10-cv-05009-FSH-PS<br><br>Corrected *<br>[~~PROPOSED~~] ORDER GRANTING DEFENDANTS' MOTION TO SEAL |

Having considered FlexHead and SprinkFlex's Motion to Seal Portions of Their Reply Brief and Portions of the Second Declaration of Norman J. MacDonald, III in Support of Their Motion to Transfer Venue to the District of Massachusetts, the Court makes the following findings of facts and conclusions of law.

### [~~Proposed~~] Findings of Fact

1. The ~~limited~~ materials ~~at issue~~ are highly sensitive business information. *that the Court is permitting the movant to seal at this time*

2. The parties have a private interest in protecting their highly sensitive business information from disclosure.

3. There are no public interests that would preclude the relief sought herein.

4. The possible harm the Defendants would experience if this highly sensitive business information were disclosed to its competitors is significant.

5. A less restrictive alternative to the relief sought is not available.

### [~~Proposed~~] Conclusions of Law

1. A Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including by

---

\* This order corrects omissions that were part of the Order filed July 6, 2011 addressing the limited information contained in the Chart filed in support of the motion to seal that the Court permitted to be sealed

requiring that a trade secret ~~or other confidential~~ research, development, or commercial information not be revealed or be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(G).

2. FlexHead and SprinkFlex have demonstrated that good cause exists to grant their motion to seal. FlexHead and SprinkFlex have also shown that they have complied with the requirements of L. Civ. R. 5.3(c)(2).

In light of the above findings of fact and conclusions of law, and there being no [*and for the reasons set forth in the opinion*] opposition to the Defendants' motion, this Court GRANTS the Motion [*in part delivered on and denied in part*] [*Docket No 64*] the record on

IT IS HEREBY ORDERED this ~~7th~~ [*1st*] day of July, 2011 that the following portions of [*July 1, 2011*] Defendants' Reply Brief in Support of Their Motion to Transfer shall be sealed:

a) Brief at page 5, first paragraph, line 1, beginning with the [*first word the line*] ~~word "Yong"~~ through the word ~~"contacts"~~ [*sells*] in line ~~4~~ [*first*] of the ~~second~~ paragraph. [*and that same name may be sealed on lines 3 and 5*]

b) ~~Brief at page 5, third paragraph, line 4, beginning with the word "There" through the word "Massachusetts" in line 5 of the third paragraph.~~ [*Brief a page 5, third paragraph, the sixth line, between the word "by" and "to"*]

IT IS FURTHER ORDERED that the following portions of the Second Declaration of Norman J. MacDonald, III filed in support of Defendants' Motion to Transfer shall be sealed:

a) ~~The entirety of~~ paragraph 5, ~~beginning with the word "SprinkFlex" through the word "Ltd."~~ [*the plaintiff may seal on the name of supplies in the first and last lines of the paragraph*]

IT IS FURTHER ORDERED that the following portions of the Chart filed in support of FlexHead and SprinkFlex's motion to seal shall be sealed:

a) Chart at page 1, column (a), ~~line 5,~~ beginning with the word "SprinkFlex's" [*the name of the supplier only*] through the word ~~"Massachusetts" at page 3, column (a), line 9.~~

2

b) Chart at page 3, column (a), ~~line 13, beginning with the word "SprinkFlex"~~ the name of the supplier only ~~through the word "agreement"~~ at page 3, column (a), line 17.

c) Chart at page 4, column (a), ~~line 4, beginning with~~ the name of the ~~word~~ "SprinkFlex's" the supplier only ~~through the word "information"~~ at page 4, column (a), line 8.

d) Chart at page 1, column (b), ~~line 2, beginning with~~ the name of the ~~word "and" through the word "won."~~ supplier only

e) Chart at page 1, column (b), ~~line 7, beginning with the word "For" through the~~ the name of the supplier only ~~word "products" at page 2, column (b), line 9.~~

IT IS FURTHER ORDERED that the following portions of the Declaration of Norman J. MacDonald, III filed June 27, 2011 in support of FlexHead and SprinkFlex's motion to seal shall be sealed:

a) ~~The entirety of~~ paragraph 4, ~~beginning with the word "SprinkFlex"~~ the name of the supplier only ~~through the word "Ltd."~~

b) ~~The entirety of~~ paragraph 5, ~~beginning with the word "The" through the word "Massachusetts."~~ the name of the supplier only

c) ~~The entirety of~~ paragraph 6, ~~beginning with the word "SprinkFlex" through the word "products,"~~ the name of the supplier only

It is further ordered that the request to seal any other information is denied, and nothing herein constitutes a ruling that the information the parties may seal pursuant to this order will be sealed if offered at trial or in connection with another application.

IT IS FURTHER ORDERED that ~~the confidential information in these pleadings shall be treated as Outside Attorneys Eyes Only information pursuant to the Discovery Confidentiality Order (Dkt. 62) entered in this case.~~

Patty Shwartz
UNITED STATES ~~DISTRICT~~ Magistrate JUDGE

3